09-CV-00375-CMP

DAVID LIEBERWORTH, WSBA #9329
JOHN B. CROSETTO, WSBA #36667
GARVEY SCHUBERT BARER
Eighteenth Floor
1191 Second Avenue
Seattle, Washington 98101-2939
(206) 464-3939

Attorneys for Plaintiff
UtilX Corporation

___ FILED     ___ ENTERED
___ LODGED    ___ RECEIVED

MAR 23 2009     JS

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY

*Court Use only above this line.*

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

UTILX CORPORATION, a Delaware corporation,

　　　　　Plaintiff,

vs.

NOVINIUM, INC., a Delaware corporation,

　　　　　Defendant.

NO. C09 0375 MJP

COMPLAINT FOR UNFAIR COMPETITION AND COMMERCIAL DEFAMATION

Plaintiff UTILX CORPORATION, for its complaint against defendant, alleges as follows:

I.    PARTIES

1.1    Plaintiff UtilX Corporation ("UtilX") is a Delaware corporation with its principal place of business at 22820 Russell Road, Kent, Washington 98064.

1.2    Defendant Novinium, Inc. ("Novinium") is a Delaware corporation with its principal place of business at 22019 70th Avenue South, Kent, WA 98032.

II.    JURISDICTION AND VENUE

2.1    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because plaintiff UtilX asserts claims under the Lanham Act, 15 U.S.C. §1125. This Court has

COMPLAINT FOR UNFAIR COMPETITION AND COMMERCIAL
DEFAMATION - 1
SEA_DOCS:920396.1

ORIGINAL

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
(206) 464-3939

supplemental and/or ancillary jurisdiction over UtilX's state law claims under 28 U.S.C. § 1367 because they form part of the same case and controversy.

2.2    This Court has personal jurisdiction over defendant Novinium, as Novinium is headquartered in the State of Washington and conducts business amounting to minimum contacts in the State of Washington.

2.3    Venue is proper in the Western District under 28 U.S.C. § 1391 because defendant Novinium resides in King County, Washington.

### III.    FACTS

3.1    UtilX is in the business of providing products and services to extend the life of power cables such as those used by electric utilities to transmit power to residential and other customers. UtilX's customers include public and investor owned utilities, industrial facilities with their own power cables to maintain, and others. These and other entities often have power cables that are older and in which the insulation and resistance to water has been or is becoming impaired. Typically, this happens when water from the cable's environment becomes impregnated in the cable's insulation, developing what are called water trees. These trees consist of filaments of water molecules in the internal cable insulation. Their presence increases the likelihood that there will be electrical shorts or other breakdowns within the cable, with the result that the cable must either be replaced or somehow treated to address this problem.

3.2    UtilX offers such a treatment, which is both efficacious and considerably less expensive than digging up cables to replace them. In brief, the process works as follows: UtilX has a fluid whose constituents include a high percentage of hydrophilic molecules.

COMPLAINT FOR UNFAIR COMPETITION AND COMMERCIAL
DEFAMATION - 2
SEA_DOCS:920396.1

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
(206) 464-3939

When injected into and pumped through the cables, the constituents bond to the water in the water trees and react with the water in the water trees and desiccate the cable. In effect, they greatly increase the insulation strength of the cable and allow it to continue to function safely for many years. In fact, many cables treated with UtilX fluids have been functioning safely and without incident for 20 or more years. Moreover, the relevant data on UtilX's fluids (and the method of injecting them into cables described in the paragraph immediately below) show that UtilX's cable treatments should extend the cable insulation's life by at least 20 years. Accordingly, UtilX offers a 20-year money-back warranty on its CableCURE® silicone injection treatment process.

3.3   To get its fluids into cables, UtilX employs a proprietary injection elbow or similar cable termination which has been designed to allow for silicone fluid injection. The elbow is specifically designed and tested for use as an injection device. The injection elbow is permanently connected to a cable and fluid is pumped in through a port. There are also other elbows – called test elbows – which can be attached to cables. While they have some similarities to injection elbows, test elbows are different in that they are not tested or warranted for injection use, and UtilX does not use them.

3.4   UtilX's fluids and the methods it uses to inject them are safe and efficacious. In the 18 years since it began operations in this business, UtilX has treated over 80 million feet of cable at hundreds of utility and industrial customers and thousands of locations spanning a wide variety of temperature, soil and other conditions. UtilX's cable treatments have a failure rate of about 1%, which is considered excellent in the industry and is backed by the above-mentioned warranty. Moreover, to the best UtilX's knowledge, no one has suffered any significant injury

COMPLAINT FOR UNFAIR COMPETITION AND COMMERCIAL
DEFAMATION - 3
SEA_DOCS:920396.1

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
(206) 464-3939

or disease as a result of being exposed to any of its fluids. Nor have any of its fluids ignited or otherwise caused damage or injury to any person involved in either UtilX's cable treatment or otherwise.

3.5   Novinium also provides products and services to extend cable life. The company was founded and is run by Glen Bertini, who holds a degree in chemical engineering and also worked at UtilX from 1991 to 2002 in a variety of engineering and management positions. As a result, Mr. Bertini had access to information about UtilX's products and services. He knew and knows how efficacious and safe UtilX products and processes were and are and himself promoted them as such. In December 2002, Mr. Bertini left UtilX to form Novinium and to compete with UtilX. This was in violation of his non-compete agreement with UtilX and led to litigation between them in King County Superior Court. A jury found that Mr. Bertini had violated his non-compete agreement with UtilX, and Mr. Bertini was enjoined from further violations for some period of time.

3.6   The period of noncompetition expired at midnight on August 19, 2005. Since then, Mr. Bertini and others from Novinium have been actively seeking to compete with UtilX. In that connection, they have made a number of false and/or materially misleading statements to UtilX's customers, potential customers and others. These include (but may not be limited to) the following:

    3.6.1   That UtilX products do not work;

    3.6.2   That UtilX's process for injecting fluid into cable is ineffective;

    3.6.3   That UtilX cannot successfully inject submarine (i.e., underwater and sometimes very long) cables;

COMPLAINT FOR UNFAIR COMPETITION AND COMMERCIAL
DEFAMATION - 4
SEA_DOCS:920396.1

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
(206) 464-3939

3.6.4    That UtilX products contain certain chemical components that adversely affect the performance and longevity of UtilX's products;

3.6.5    That UtilX injection elbows are vulnerable to failure at a not insignificant rate;

3.6.6    That UtilX products do not remain effective for more than 5 years, and in some circumstances less;

3.6.7    That UtilX products are dangerous and present a health hazard, and in particular are carcinogenic and can impair a male's reproductive organs; and

3.6.8    That the fluids UtilX uses are dangerously flammable and are otherwise unsafe (e.g., that there have been numerous instances of fires and the fluid contains dangerous and undisclosed amounts of carcinogenic benzene).

3.7    All of these (and potentially other) statements by Novinium are false and/or materially misleading statements and were made in the course of interstate commerce. They were also made publically, directly to customers and potential customers, at trade shows attended by customers and service providers in the industry, and in some instances on Novinium's website. They have also harmed UtilX in a number of ways. These include (without limitation) causing customers and/or potential customers to doubt and question both efficaciousness and the safety of UtilX's products and services and have also created a vehicle for Novinium to take business away from UtilX when it would not otherwise been in a position to do so.

3.8    Novinium's false and misleading statements go to the heart of UtilX's business in that the statements are likely to, and do in fact, deceive customers and potential customers of

COMPLAINT FOR UNFAIR COMPETITION AND COMMERCIAL
DEFAMATION - 5
SEA_DOCS:920396.1

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
(206) 464-3939

UtilX and influence their decisions to use UtilX services and purchase UtilX products.

## IV. FIRST CAUSE OF ACTION
### (Violation of Lanham Act)

4.1   UtilX realleges and incorporates by reference each and every allegation in the preceding paragraphs, inclusive, as if fully set forth herein.

4.2   Novinium used false and misleading descriptions of UtilX, UtilX's commercial activities, and UtilX products and services in Novinium's solicitation of customers and promotion of its own products in violation of the Lanham Act, 15 U.S.C. §1125(a), Section 43(a)(1)(B).

4.3   Novinium's false and misleading statements about UtilX's products have the tendency to deceive and actually deceive customers and potential customers of UtilX.

4.4   Novinium's false and misleading statements were likely to and did in fact influence the purchasing decision of UtilX customers and potential customers.

4.5   Novinium's false and misleading statements caused and are likely to cause UtilX actual damages, and UtilX is entitled to (1) an order enjoining Novinium from making false and misleading statements about UtilX and UtilX products and services, (2) judgment against Novinium in an amount to be proven at trial, and (3) an award of attorneys' fees and costs to the extent permitted by law.

## V. SECOND CAUSE OF ACTION
### (Violation of Washington Consumer Protection Act)

5.1   UtilX realleges and incorporates by reference each and every allegation in the preceding paragraphs, inclusive, as if fully set forth herein.

5.2   Novinium's knowing misrepresentation of UtilX and UtilX products and

COMPLAINT FOR UNFAIR COMPETITION AND COMMERCIAL DEFAMATION - 6
SEA_DOCS:920396.1

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
(206) 464-3939

services to UtilX customers and potential customers is an unfair method of competition and an unfair and deceptive business practice in violation of RCW 19.86 et seq.

5.3   Novinium's misrepresentations were made in the course of Novinium's business and affect the public interest.

5.4   Novinium's misrepresentations caused UtilX damages, including lost profits, and UtilX is entitled to (1) an order enjoining Novinium from making false and misleading statements about UtilX and UtilX products and services, (2) judgment against Novinium in an amount to be proven at trial, and (3) an award of attorneys' fees and costs to the extent permitted by law.

## VI.   THIRD CAUSE OF ACTION
### (Common Law Unfair Competition)

6.1   UtilX realleges and incorporates by reference each and every allegation in the preceding paragraphs, inclusive, as if fully set forth herein.

6.2   Novinium misrepresented UtilX and UtilX's products in the course of its business in violation of Washington's common law against unfair competition.

6.3   Novinium's misrepresentations caused UtilX damages, including lost profits and damage to UtilX's reputation, and UtilX is entitled to (1) an order enjoining Novinium from making false and misleading statements about UtilX and UtilX products and services, (2) judgment against Novinium in an amount to be proven at trial, and (3) an award of attorneys' fees and costs to the extent permitted by law.

\\

\\

\\

COMPLAINT FOR UNFAIR COMPETITION AND COMMERCIAL
DEFAMATION - 7
SEA_DOCS:920396.1

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
(206) 464-3939

## VII. FOURTH CAUSE OF ACTION
### (Commercial Defamation)

7.1   UtilX realleges and incorporates by reference each and every allegation in the preceding paragraphs, inclusive, as if fully set forth herein.

7.2   Novinium knowingly made false statements regarding UtilX and UtilX products.

7.3   Novinium's false and misleading statements are defamatory per se, prejudiced UtilX in its business, and present a substantial danger to UtilX's reputation.

7.4   Novinium's false and misleading statements caused UtilX damages, and UtilX is entitled to (1) an order enjoining Novinium from making false and misleading statements about UtilX and UtilX products and services, (2) judgment against Novinium in an amount to be proven at trial, and (3) an award of attorneys' fees and costs to the extent permitted by law.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, plaintiff NMAC prays for the following relief:

1. That UtilX have judgment against defendant Novinium for damages according to proof at trial on the Causes of Action set forth above;

2. For an order enjoining defendant Novinium from making false or misleading statements regarding UtilX or UtilX products and services;

3. For judgment against defendant Novinium for attorneys' fees and costs of suit to the extent permitted by law; and,

4. For such other and further relief as the Court deems just and proper.

COMPLAINT FOR UNFAIR COMPETITION AND COMMERCIAL
DEFAMATION - 8
SEA_DOCS:920396.1

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
(206) 464-3939

1  DATED this 23rd day of March, 2009.

2                                              Respectfully submitted,

3                                              GARVEY SCHUBERT BARER

4

5  By _____
   David Lieberworth, WSBA #9329
6  John B. Crosetto, WSBA #36667
   Attorneys for Plaintiff UtilX Corporation
7  Eighteenth Floor
   1191 Second Avenue
8  Seattle, Washington 98101-2939
   Phone: (206) 464-3939
9  Fax: (206) 464-0125
   dlieberworth@gsblaw.com
10 jcrosetto@gsblaw.com

COMPLAINT FOR UNFAIR COMPETITION AND COMMERCIAL
DEFAMATION - 9
SEA_DOCS:920396.1

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
(206) 464-3939