THE HONORABLE MARSHA J. PECHMAN

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

| | |
|---|---|
| UTILX CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs<br><br>NOVINIUM, INC., a Delaware corporation,<br><br>Defendant. | NO. C09-0375MJP<br><br>DEFENDANT AND COUNTERLCLAIM PLAINTIFF'S MEMORANDUM IN OPPOSITION TO PLAINTIFF AND COUNTERCLAIM DEFENDANT'S MOTION TO DISMISS<br><br>HEARING DATE: June 26, 2009 |

11

12

13

14

15

16

Defendant and Counterclaim Plaintiff Novinium, Inc., ("Novinium") respectfully

17

submits this memorandum in opposition to the motion to dismiss filed by Plaintiff and

18

Counterclaim Defendant UtilX Corporation ("UtilX").

19

### A.     Introduction

20

Novinium filed a counterclaim in this action, alleging that UtilX and a non-party,

21

Thomas & Betts acting through its Elastimold division ("T&B"), conspired to restrain trade

22

and commerce and to secure a monopoly for UtilX in the cable rejuvenation industry, in

23

24

25

26

MEMO OPP. TO MOT. TO DISMISS  - 1 of 9
(C09-0375MJP)
[1445145 v03.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

violation of Sections 1 and 2 of the Sherman Act. Novinium also alleged that UtilX induced and accepted a discriminatory price for products in violation of the Robinson-Patman Act. UtilX has moved to dismiss the counterclaim for failure to join T&B as an indispensable party. This motion must be denied, because UtilX is wrong on the facts and the law.

UtilX claims that Novinium's counterclaim is an attack on a contract between T&B and UtilX, and that the relief sought is directed more against T&B than against UtilX. This assertion is simply false. Novinium has not taken aim at the contract between T&B and UtilX, nor does it have any intention of doing so. None of the allegations of the counterclaim challenge the validity of the contract. In fact, the only reference to the contract in the counterclaim is a factual allegation that UtilX and T&B have an exclusive contract with respect to injection elbows, and that as a result Novinium purchases direct test elbows. Counterclaim, Dkt. #6, p. 6, ¶ 39. Nowhere in that paragraph or anywhere else in the counterclaim is there any suggestion that the contract between UtilX and T&B is invalid.

Having fabricated a challenge to the contract where none exists, UtilX then argues that T&B is an indispensable party under Rule 19 because Novinium is attacking its contract rights. This argument is factually incorrect, of course, and is legally deficient. It is well-established law that a plaintiff need not join all of the participants in an antitrust conspiracy, because co-conspirators are not indispensable parties. Novinium is not

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

aware of a single case comparable to this one in which joinder of a co-conspirator has

been required.

B.    **Novinium Is Not Challenging The Contract Between UtilX and T&B.**

As is set out in the counterclaim, Novinium and UtilX compete in the business of

rejuvenating underground power cables by injection of fluid into the cables.

Counterclaim, Dkt. #6, p. 5, ¶ 35.  Both companies use "elbows" manufactured by T&B.

UtilX uses what is denominated an "access" or "inject elbow" and Novinium uses what is

denominated a "direct test" elbow.   Counterclaim, Dkt #6, pp. 5-6, ¶¶ 35-39.   The

contract between UtilX and T&B is exclusive as to the injection elbows, but specifically

provides that T&B is free to sell direct test products to others.   See page 23 of the

exhibits to the Declaration of Van Horn submitted in support of the UtilX motion to

dismiss, at Dkt. #10, p. 26, ¶ 1.6.2.  Thus, T&B has been able to sell direct test elbows to

Novinium without breaching the contract with UtilX.

Novinium has not taken issue with any aspect of the contract between UtilX and

T&B.  Rather, Novinium has alleged and expects to prove that UtilX persuaded or coerced

T&B to engage in conduct *completely outside the contract* that was intended to have and

did have an adverse impact on competition.  Specifically, Novinium alleges T&B did the

following:

> (1) Wrote letters which falsely stated or implied that the "direct test"
>
> elbows were significantly different from the "injection" elbows, that
>
> the "direct test" elbows were not suitable for the uses to which

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

Novinium put them, and that the "direct test" elbows do not carry the same warranty as the "injection" elbows, knowing such letters would end up in the hands of potential customers of Novinium. Counterclaim, Dkt. #6, p. 7, ¶¶ 42 and 43.

(2) Made or threatened to make changes to the direct test elbows, even though the changes would cost T&B significant amounts of money and would be of no benefit to T&B or the customers who purchase the direct test elbows. Counterclaim, Dkt. #6, p. 7, ¶ 44.

(3) Charged substantially more for direct test elbows than it charged for the essentially identical injection elbows. Counterclaim, Dkt. #6, p. 6, ¶¶ 40 and 41.

In Novinium's view, and as alleged in the counterclaim, UtilX was the puppet master pulling the strings behind these overt actions, and whether T&B was coerced or persuaded, it ultimately agreed to do UtilX's bidding.

There are several factual bases for Novinium's allegation that T&B engaged in this conduct pursuant to a conspiracy with UtilX, whether it participated in that conspiracy willingly or as a result of UtilX's coercion. First, it makes no sense for T&B to make false and misleading comments about its own products, or about the uses to which those products can be put. Second, it makes no sense for T&B to change its direct test elbows when doing so costs it money and benefits no one. Third, in the last four years UtilX has purchased more than $8,000,000 worth of products from T&B (Van Horn Declaration,

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

1   Dkt. #10, p. 2, ¶ 4), This demonstrates that there was and still is a huge economic

2   incentive for T&B to cooperate with UtilX and preserve that business.

3        This factual backdrop exposes UtilX's claim that Novinium is challenging the

4   contract between UtilX and T&B as nothing more than a red herring.  There is nothing in

5   the contract that permits or requires T&B to write false and misleading letters about the

6   direct test elbows, and UtilX does not have a contractual right or obligation to solicit such

7   false and misleading letters for delivery to potential customers of Novinium.  T&B does

8   not have any contractual right or obligation to change the direct test elbows, which are

9   specifically excluded from the contract with UtilX, and UtilX certainly has no contractual

10  right to insist on such changes.  UtilX does not have any contractual right or obligation to

11  insist that T&B establish discriminatory prices for its products.  UtilX is free to negotiate

12  prices, but it is not free to induce a discriminatorily low price for injection elbows nor is it

13  free to persuade or coerce T&B into charging discriminatorily high prices for direct test

14  elbows.

15       Thus, the conduct that is at the heart of Novinium's counterclaim is at best

16  tangential to the contract between T&B and UtilX.  There is nothing in the counterclaim

17  that indicates the contract should be invalidated, modified, or impacted in any way.  If the

18  direct test elbows and the injection elbows are substantially identical, as Novinium

19  alleges, so that the different prices charged by T&B are discriminatory, it is of no

20  consequence to Novinium whether the prices paid by UtilX go up or the prices paid by

21  purchasers of direct test elbows go down.  What is of consequence, and what this Court

MEMO OPP. TO MOT. TO DISMISS  - 5 of 9
(C09-0375MJP)
[1445145 v03.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

1    will be asked to enjoin, is efforts by UtilX to persuade or coerce T&B into establishing a

2    discriminatory pricing structure.

3    C.    There Is No Legal Basis For Requiring That T&B Be Joined As A Party To This
      Litigation.
4

5    It is apparent from the foregoing that Novinium is not challenging the contract

6    between UtilX and T&B, and that UtilX's arguments to the contrary are without merit.

7    Thus, there is no legal basis for finding that T&B is an indispensable party under Rule 19.

8    Novinium has alleged that UtilX and T&B are co-conspirators, engaging in

9    concerted action in violation of the federal antitrust laws. It is well-established law that it

10   is not necessary for a plaintiff to join as defendants all antitrust co-conspirators, or for

11   that matter all joint tortfeasors of any sort.   Because the co-conspirators or joint

12   tortfeasors have joint and several liability, a plaintiff can bring an action against any one

13   of them without the others being considered indispensable parties. *See, e.g., Lawlor v.*

14   *National Screen Services Corp.*, 349 U.S. 322, 329-30 (1955); *William Inglis & Sons*

15   *Baking Co. v. ITT Continental Baking Co.,, Inc.*, 668 F2d 1014, 1052-53 (9th Cir. 1982),

16   *cert. denied.* 103 S.Ct. 58 (1982); 7 Wright, Miller & Kane § 1623.

17   In an attempt to circumvent this basic legal principle, UtilX mischaracterizes the

18   counterclaim as a challenge to its contract with T&B and then bases its motion to dismiss

19   on cases that actually did involve challenges to third-party contracts.   Those cases, of

20   course, are completely inapposite here because Novinium is not challenging the contract

21   between UtilX and T&B.   Exhaustive research has failed to reveal a single case

22

23

24

25

26   MEMO OPP. TO MOT. TO DISMISS - 6 of 9
     (CO9-0375MJP)
     [1445145 v03.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

comparable to this one, in which a private entity has been held to be indispensable to an antitrust suit simply because of a contract between that entity and a defendant in the suit.

UtilX relies principally on *Wilbur v. Locke*, 423 F.3d 1101 (9th Cir. 2005), but that reliance is misplaced. There, the Ninth Circuit noted that the only way the plaintiff could prevail on its claims was by establishing the illegality of a contract between the State and an Indian tribe. *Id.* at 1112. There is no such burden on Novinium in this case, because the validity or invalidity of the contract between UtilX and T&B is immaterial to the antitrust claims asserted in the counterclaim.[1]

UtilX also relies on *Dawavendewa v. Salt River Project Agricultural Improvement & Power District*, 276 F.3d 1150 (9th Cir. 2002). There, an employer leased property from the Navajo Nation under a lease that specifically required the employer to give priority to members of the tribe. The plaintiff sued for employment discrimination, alleging that this priority was unlawful. The Ninth Circuit held that the Navajo Nation was an indispensable party because the lawsuit directly challenged the validity of a provision in the contract between the employer and the tribe. There is no comparable challenge to any provision of the contract between UtilX and T&B. Thus, the general principle that joint tortfeasors are not indispensable parties to an action applies here and the motion has no merit.

---

[1] UtilX cites *Lomayaktewa v. Hathaway*, 520 F.2d 1324 (9th Cir. 1975), but that was an action to set aside a lease and the parties to the lease were not joined. The decision has no applicability here. UtilX also cites *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030 (9th Cir. 1983), but in that case the Court of Appeals held that the federal government was not an indispensable party even though there was a theoretical possibility that its interests might be affected by the lawsuit. *Id.* at 1042-46.

MEMO OPP. TO MOT. TO DISMISS - 7 of 9
(C09-0375MJP)
[1445145 v03.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

1    In addition to the false claim that the counterclaim directly attacks the contract

2  with T&B, UtilX also seems to argue that the mere existence of that contract makes T&B

3  an indispensable party.  This argument too fails.  The fact that there may be an

4  agreement of some sort between the named defendant and one or more alleged co-

5  conspirators does not create an exception to the rule that joint tortfeasors need not be

6  joined.  Indeed, if it did the exception would swallow up the rule because concerted

7  activity prohibited by the Sherman Act is by definition a form of agreement.

8     Finally, UtilX argues that T&B is indispensable to this action because an injunction

9  barring UtilX from violating federal antitrust laws would subject it to inconsistent

10  obligations, and because such an injunction would not provide Novinium meaningful

11  relief.  These arguments fail for a number of reasons.  First, nothing in the contract

12  between UtilX and T&B gives either company the right or the obligation to engage in

13  illegal, anticompetitive behavior.  Therefore, both UtilX and T&B would be able to fully

14  discharge their contractual obligations without running afoul of such an injunction.

15  Second, an injunction against UtilX that did have some tangential effect on the contract

16  would be binding on T&B under Rule 65d)(2)(C), Fed.R.Civ.P.[2]  This would protect UtilX

17  from any attempt by T&B to take advantage of the injunction to avoid its obligations or to

18  recover damages from UtilX.

---

[2] The cases cited by UtilX for the proposition that an injunction would create inconsistent obligations involve the enforceability of an injunction against a sovereign entity not bound by an injunction from a United States Court, and are clearly inapplicable here. *See, e.g., Dawavendewa, supra,* 276 F.3d at 1155-56.

MEMO OPP. TO MOT. TO DISMISS - 8 of 9
(C09-0375MJP)
[1445145 v03.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

Third, an injunction that bars UtilX from persuading, coercing or otherwise conspiring with T&B to make false and misleading statements to customers of Novinium would provide Novinium with precisely the relief it seeks. As discussed above, the gist of Novinium's antitrust claim is that UtilX is the moving force behind T&B's overt actions. Thus, an order forcing UtilX to refrain from such conduct would almost certainly eliminate the illegal conduct. There is no reason to believe that T&B would continue defaming its own products after entry of such an injunction.

D.    Conclusion.

UtilX is simply wrong when it argues that Novinium's counterclaim is an attack on the contract between UtilX and T&B. That contract is irrelevant to the illegal conduct that UtilX and T&B have engaged in. Neither the facts nor the law provide any support for UtilX's claim that T&B is an indispensable party to this lawsuit. Therefore, the motion to dismiss the counterclaim for failure to join an indispensable party must be denied.

Dated this 22ⁿᵈ day of June, 2009.

GORDON THOMAS HONEYWELL LLP

By _____
    John C. Guadnola, WSBA No. 08636
    jguadnola@gth-law.com
    Stephanie Bloomfield, WSBA No. 24251
    sbloomfield@gth-law.com
    Attorneys for Defendant/Counterclaim Plaintiff

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565