UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UTILX CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>NOVINIUM, INC., a Delaware corporation,<br><br>Defendant. | Case No. C09-375 MJP<br><br>ORDER ON MOTION FOR DISMISSAL WITHOUT PREJUDICE |

This matter comes before the Court on Novinium, Inc.'s ("Defendant") motion for voluntary dismissal without prejudice. Having reviewed the motion, the reply, and Utilx Corporation's ("Plaintiff") response, and all papers in support thereof, the Court GRANTS the motion and DISMISSES Defendants' counterclaim WITHOUT PREJUDICE.

**Background**

Plaintiff and Defendant are both in the business of injecting fluid into underground power cables in order to extend their useful lives. (Dkt. No. 1 ¶¶ 3.1-3.5; Dkt. No. 6 ¶ 35.) The injection process requires the use of specially designed "elbows" that attach to the cables and permit fluid to be injected into them from an external source. (Dkt. No. 9 at 2.) Plaintiff and Defendant both use elbows manufactured by Thomas & Betts Corp. ("T&B") under its "ELASTIMOLD" brand. (Dkt. No. 6 ¶¶ 36-39; Dkt. No. 10 at 28 ¶ 2.2.) T&B manufactures "inject" elbows, which it pressure tests at the factory and sells for fluid injection purposes,

ORDER ON MOTION FOR DISMISSAL WITHOUT PREJUDICE - 1

1  and "direct test" elbows, which it does not pressure test and does not warrant for use in fluid
2  injection. (Dkt. No. 15, Ex. 1 at 1.) Plaintiff has a contract with T&B that requires Plaintiff to
3  purchase all of its inject elbows from T&B and requires T&B to sell inject elbows only to
4  Plaintiff. (Dkt. No. 10 at 25 ¶¶ 1.1-1.3; id. at 26 ¶ 1.6.) The exclusive dealing agreement does
5  not apply to the direct test elbows. (Id. at 26 ¶ 1.6.2; Dkt. No. 15, Ex. 1 at 1.) Because T&B
6  sells inject elbows only to Plaintiff, Defendant uses direct test elbows for its fluid injection
7  business. (Dkt. No. 6 ¶¶ 38-39.)

8  Defendant asserted counterclaims against Plaintiff based on the relationship between
9  the parties and T&B. Defendant claims that Plaintiff induced T&B to charge more for direct
10 test elbows than inject elbows even though they are "substantially identical," and that the
11 pricing scheme illegally discriminates among buyers in violation of the Robinson-Patman
12 Act. (Id. ¶¶ 60-67.) Defendant also claims that the price discrimination and other acts of
13 Plaintiff and T&B violate the Sherman Act. (Id. ¶¶ 46-59.) The Court previously found that
14 T&B was a mandatory counter-defendant under Fed. R. Civ. P. 19(a), and gave leave for
15 Defendant to join T&B or face dismissal with prejudice. (Dkt. No. 25.) In a letter, Defendant
16 requests that the Court voluntarily dismiss this action without prejudice. (Dkt. No. 26.)

17 **Discussion**

18 A.  Standard

19 Rule 41(a)(2) gives the Court discretion to dismiss Defendant's voluntary dismissal
20 with prejudice. A court may dismiss a counterclaim with prejudice where it is a compulsory
21 counterclaim and where the counter-plaintiff has sought only voluntary dismissal. See, e.g.,
22 Kissell Co. v. Farley, 417 F.2d 1180, 1182 (7th Cir. 1969). A counterclaim that is not
23 compulsory is normally dismissed without prejudice when voluntarily dismissed. See Rule
24 41(a)(2).

25 Under Rule 13(a), a counterclaim is compulsory "if it arises out of the transaction or
occurrence that is the subject matter of the opposing party's claim and does not require for its

ORDER ON MOTION FOR DISMISSAL WITHOUT PREJUDICE - 2

1  adjudication the presence of third parties of whom the court cannot acquire jurisdiction."  The
2  Ninth Circuit applies the liberal "logical relationship" test to determine "whether the essential
3  facts of the various claims are so logically connected that considerations of judicial economy
4  and fairness dictate that all the issues be resolved in one lawsuit."  In re Pegasus Gold Corp.,
5  394 F.3d 1189, 1197 (9th Cir. 2005) (citing Pochiro v. Prudential Ins. Co., 827 F.2d 1246,
6  1249 (9th Cir. 1987)).

B.  Defendant's Counterclaim

Defendant's counterclaim is not a compulsory counterclaim.  Plaintiff's complaint concerns purportedly false and misleading remarks made by Defendant that violate the Lanham Act and the Washington Consumer Protection Act, and which constitute common law unfair competition and commercial defamation.  (Dkt. No. 1 at 6-8.)  Defendant's counterclaims concern a purported monopoly and conspiracy between T&B and Plaintiff that adversely increased the price of direct test elbows and harmed Defendant.  These two sets of claims do not "arise from the same aggregate set of operative facts."  Pegasus, 394 F.3d at 1196.  Although the two sets of claims involve the business parts manufactured by T&B, they involved two distinct sets of facts.  As such, Defendant's counterclaim is permissive, not compulsory.

**Conclusion**

The Court GRANTS Defendant's motion and DISMISSES the counterclaims without prejudice.

The Clerk is directed to send a copy of this order to all counsel of record.

DATED this 26th day of October, 2009.

Marsha J. Pechman
United States District Judge